UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Douglas Houston, also known as Houston Douglas,**

**Plaintiff,**

-v-                                                            9:10-CV-1009 (NAM/TWD)

**Lester N. Wright and Doctor Johnson,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Marris & Bartholomae P.C.
Richard F. Marris, Esq., of counsel
317 Montgomery Street
Syracuse, New York 13202
Attorney for Plaintiff

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Kevin M. Hayden, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action for relief under 42 U.S.C. § 1983. In his amended complaint (Dkt. No. 14), he claims that defendants were deliberately indifferent to his serious medical needs and subjected him to unconstitutional conditions of confinement. After issuing a Memorandum-Decision and Order (Dkt. No. 74) dismissing plaintiff's deliberate indifference claim, this Court referred to Magistrate Judge Dancks the issue of whether plaintiff exhausted his administrative remedies regarding the sole remaining claim, the conditions-of-

confinement claim against defendant Dr. Johnson. *See* 28 U.S.C. § 636(b)(1)(B); Local Rule 72.3(c). After a hearing, at which plaintiff was represented by counsel, Magistrate Judge Dancks prepared a Report-Recommendation and Order (Dkt. No. 119) recommending that plaintiff's amended complaint (Dkt. No. 14) be dismissed with prejudice based upon his failure to comply with the administrative exhaustion requirements of 42 U.S.C. § 1997e(a) in connection with his conditions-of-confinement claim.

Plaintiff objects to the Report-Recommendation and Order, arguing that the grievance that he filed regarding substandard medical care should be construed to "include[] the times spent in the infirmary and the conditions therein." He further argues that the conditions-of-confinement claim was not distinct from but rather was "part and par[cel] of his entire claim of substandard medical care."

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Informal complaints are insufficient to satisfy the requirement. *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007). Here, plaintiff's grievance clearly did not provide notice of his conditions-of-confinement claim, nor were his alleged informal complaints to Dr. Johnson and others sufficient to meet the objectives of the administrative exhaustion requirement. Therefore, upon *de novo* review, the Court agrees with Magistrate Judge Dancks that defendant has "met her burden of showing that administrative remedies were available to Plaintiff, and that Plaintiff failed to exhaust those remedies regarding his conditions of confinement claim."

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 119) of United States Magistrate Judge Terèse Wiley Dancks is accepted; and it is further

ORDERED that the sole remaining claim in the amended complaint (Dkt. No. 14), the conditions-of-confinement claim against Dr. Johnson is dismissed with prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a); and it is further

ORDERED that the case is dismissed.

IT IS SO ORDERED.

Date:   September 15, 2014
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge